

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00409-CR

**ADAM LAMAR BROOKS,**

                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                        **Appellee**

From the County Court at Law No. 1
Brazos County, Texas
Trial Court No. 11-01734-CRM-CCL1

## MEMORANDUM OPINION

Adam Lamar Brooks was convicted of indecent exposure and sentenced to 120 days in jail with a $1,000 fine. *See* TEX. PENAL CODE ANN. § 21.08 (West 2011). He was also required to surrender his peace officer license. Because the trial court did not err in denying Brooks' motion to suppress, the trial court's judgment is affirmed.

**BACKGROUND**

Rebecca Bosquez saw a green SUV pull into a parking space near her at the Post Oak Mall. She saw the driver of the vehicle put up shades in the front window of the

SUV, expose his penis, and begin to masturbate. Because she did not have a phone, she asked another person in the parking lot to summon mall security. When the man in the SUV decided to leave, she followed the vehicle and saw the license plate, which read MRADAM. After another incident was reported at the same mall several months later involving the same vehicle, a College Station Police officer made contact with the driver of the SUV who was identified as Brooks. Brooks was a City of Bryan police officer. Brooks was later asked to go to the College Station Police Department where he spoke to Sgt. Craig Boyett. Although he admitted that he went to the Post Oak Mall regularly and that no one, even relatives, drove his green SUV, Brooks denied masturbating in the mall parking lot. Bosquez could not identify Brooks from a photo line-up; so Boyett decided to fabricate a photo line-up and have a department secretary indicate on the line-up that Brooks was identified, "100%." Boyett confronted Brooks with the fabricated line-up and told him numerous times that Brooks had been identified as the perpetrator. Brooks and Boyett discussed the help that would be available to Brooks, but then Brooks left the police station still denying that he committed the offense. About 15 minutes later, Boyett called Brooks, again mentioning that Brooks had been identified as the perpetrator. After a series of dropped calls and call-backs, Brooks confessed.

In his written motion to suppress, Brooks contended his oral statements were inadmissible pursuant to articles 38.22 and 38.23 of the Texas Code of Criminal

Procedure. TEX. CODE CRIM. PROC. ANN. arts. 38.22, 38.23 (West 2005).[1] The trial court heard and denied Brooks' motion to suppress prior to trial. Then, on the day of trial, Brooks moved to reopen his motion to suppress so that he could testify. The trial court, a different judge than the judge who heard the initial motion to suppress, allowed Brooks to reopen and heard Brooks' testimony. The court took the testimony under advisement, and the issue of the admissibility of Brooks' statements was retried before the jury. Each time testimony regarding Brooks' admission of the offense was presented, Brooks objected and the trial court overruled each objection.

**MOTION TO SUPPRESS**

When reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the trial court's ruling. *State v. Robinson*, 334 S.W.3d 776 (Tex. Crim. App. 2011); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). If the trial court makes findings of fact, we determine whether the evidence supports those findings. *Id*. We then review the trial court's legal rulings de novo unless the findings are dispositive. *Id*.

A defendant who moves for suppression under Article 38.23[2] due to the violation of a statute has the burden of producing evidence of a statutory violation. *State v. Robinson*, 334 S.W.3d 776, 779 (Tex. Crim. App. 2011); *Pham v. State*, 175 S.W.3d 767, 772

---

[1] Brooks does not complain on appeal about the admission of statements, if any, in violation of article 38.22.

[2] TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005) ("No evidence obtained by an officer . . . in violation of . . . [the] laws of the State of Texas . . . shall be admitted in evidence against the accused on the trial of any criminal case.")

(Tex. Crim. App. 2005). Only when this burden is met does the State bear a burden to prove compliance. *Id*.

Further, a defendant must show a causal connection between a statutory violation and the obtaining of evidence before the evidence is rendered inadmissible. *Pham*, 175 S.W.3d at 772-773. If the defendant produces evidence that there is a causal connection, the State may either try to disprove this causal evidence, *i.e.* disproving that there is a causal connection in existence at all, or, the State may make an attenuation-of-taint argument. Evidence is not obtained in violation of a provision of law if there is no causal connection between the illegal conduct and the acquisition of the evidence. *Gonzales v. State*, 67 S.W.3d 910, 912 (Tex. Crim. App. 2002). Thus, the evidence would not be excluded pursuant to article 38.23.

Relying on the Court of Criminal Appeals' opinion in *Wilson v. State*, 311 S.W.3d 452 (Tex. Crim. App. 2010), Brooks argues that Boyett violated section 37.09 of the Texas Penal Code, "Tampering with or Fabricating Physical Evidence," by fabricating a photo line-up and telling Brooks numerous times that he had been positively identified as the person masturbating in the mall parking lot. The State argues that *Wilson* was wrongly decided and should be overturned. We are not in a position to overturn an opinion by the Court of Criminal Appeals. Nevertheless, assuming without deciding that fabricating a photo line-up violates section 37.09, we still must decide whether there was a causal connection between the line-up and Brooks' confession.

Brooks testified at the reopened suppression hearing that he confessed because

of Boyett's use of the fabricated photo line-up. This is at least some evidence of a causal connection between the violation of article 37.09 and obtaining Brooks' confession which shifts the burden to the State to disprove the connection. The State produced evidence that when Boyett called Brooks to tell him that a warrant had been issued for Brooks' arrest, Brooks told Boyett that Brooks did not confess because of Boyett's interviewing techniques but because the spirit of God touched Boyett to call Brooks after Brooks left the station at a time when Brooks had decided to tell Boyett the truth. In findings of fact and conclusions of law, the trial court found that Brooks' suppression hearing testimony was not credible and concluded there was no causal connection between the fabricated lineup and Brooks' confession. The record supports this finding and conclusion. Because the record supports the trial court's finding and conclusion regarding the lack of a causal connection, we need not discuss whether any "taint" of the confession was attenuated. Accordingly, the trial court did not err in overruling Brooks' motion to suppress by overruling Brooks' objections and admitting testimony regarding Brooks' confession in evidence.

Brooks' sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins

Affirmed

Opinion delivered and filed July 23, 2015

Do not publish

[CR25]

